We are of opinion that petitioner herein has fully complied with these requirements. Most significant in convincing us of petitioner's good faith is the fact that when the new pattern program was received from the shipper, copies were forwarded to the appraiser. That official, with the aid of the permanent price booklet, was then in position to ascertain the true value of all merchandise exported on and after March 19, 1951. In other words, petitioner, itself, provided the appraiser with the data which revealed that the entered values in this shipment were too low. Not concealment, but rather complete and candid disclosure, characterizes petitioner's actions in this case.

The entry of the instant merchandise at less than its true value was occasioned by an unfortunate combination of circumstances,—the shipper's error; the fact that the price list was a somewhat cryptic document requiring checking against a code; the shortage of help in petitioner's firm; and the illness of the broker's employee, causing failure to comply with petitioner's instructions to amend the entry,—but no lack of good faith nor intent to deceive is thereby evidenced.

One hundred and fifty-six prior entries of similar merchandise were made by petitioner or in its behalf, without challenge as to value. There were no facts or circumstances known to petitioner which might have been calculated to put it on notice that the invoice prices of this shipment warranted checking.

From all of the evidence in this case, we are satisfied that undervaluation was not occasioned by any intention to defraud the revenues of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is, therefore, granted.

Judgment will be entered accordingly.

BEFORE THE FIRST DIVISION, MAY 12, 1955

**No. 59041.**—J. H. Bleistein, Inc. v. United States, protests 485548–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of lambskin plates the same in all material respects as those the subject of *A. S. Gold & Bro., Inc.* v. *United States* (33 Cust. Ct. 120, C. D. 1643), the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1643, *supra*.

**No. 59042.**—Bingham & Co., Inc., et al. v. United States, protests 938605–G, etc. (New York).

Opinion by OLIVER, C. J. In accordance with stipulation of counsel that the merchandise consists of lambskin plates the same in all material respects as those the subject of *A. S. Gold & Bro., Inc.* v. *United States* (33 Cust. Ct. 120, C. D. 1643), the claim for free entry under paragraph 1681 was sustained.

Ford, J., concurred.

Mollison, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1643, *supra*.

**No. 59043.**—Orleans Bros. et al. *v.* United States, protests 966257–G, etc. (New York).

Opinion by Oliver, C. J. In accordance with stipulation of counsel that the merchandise consists of lambskin plates the same in all material respects as those the subject of *A. S. Gold & Bro., Inc.* v. *United States* (33 Cust. Ct. 120, C. D. 1643), the claim for free entry under paragraph 1681 was sustained.

Ford, J., concurred.

Mollison, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1643, *supra*.

**No. 59044.**—Brenner Bros. et al. *v.* United States, protests 198427–K, etc. (New York).

Opinion by Oliver, C. J. In accordance with stipulation of counsel that the merchandise consists of lambskin plates the same in all material respects as those the subject of *A. S. Gold & Bro., Inc.* v. *United States* (33 Cust. Ct. 120, C. D. 1643), the claim° for free entry under paragraph 1681 was sustained.

Ford, J., concurred.

Mollison, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1643, *supra*.

**No. 59045.**—E. Fomil & Sons and Excel Shipping Corporation *v.* United States, protest 225661–K (A) (New York).

Opinion by Oliver, C. J. In accordance with stipulation of counsel that the merchandise consists of lambskin plates the same in all material respects as those the subject of *A. S. Gold & Bro., Inc.* v. *United States* (33 Cust. Ct. 120, C. D. 1643), the claim for free entry under paragraph 1681 was sustained.

Ford, J., concurred.

Mollison, J., dissented for the reasons set forth in his dissenting opinion in C. D. 1643, *supra*.

**No. 59046.**—Maurice Isben and W. J. Byrnes & Co. of N. Y., Inc., et al. *v.* United States, protests 245858–K, etc. (New York).